# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. GRINDEMANN,

    Petitioner,

    v.                                                      Case No. 03-C-0021

DANIEL J. BENIK[1], Warden,
Stanley Correctional Institution,

    Respondent.

## **ORDER RE: CERTIFICATE OF APPEALABILITY**

    The petitioner, Michael A. Grindemann, a Wisconsin state prisoner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenged his conviction on the following grounds: (1) he was denied due process when the trial court relied on an "improper factor" during sentencing; and (2) he was denied due process when the Wisconsin Court of Appeals applied the wrong legal standard in reviewing the trial court's order granting the petitioner's motion for sentence modification.

    On November 15, 2005, this court issued a decision and order denying the petitioner's petition for a writ of habeas corpus and the Clerk of Court entered judgment accordingly. On November 23, 2005, the petitioner, by counsel, filed a memorandum in support of his request for a certificate of appealability. The petitioner requests a certificate of appealability as to all of the grounds raised in his petition. The petitioner's counsel also filed a motion to withdraw as attorney for the petitioner, which was granted by the court.

---

[1] Pamela Wallace is the current warden of the Stanley Correctional Institution. As a result, Warden Wallace will be substituted as the respondent in this action. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254.

Section 102 of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which was signed into law April 24, 1996, amended 28 U.S.C. § 2253(c)(1) to provide that an appeal may not be taken to the court of appeals unless a certificate of appealability is issued.[2] The AEDPA further provides that a certificate of appealability may "only issue if the applicant has made a substantial showing of the denial of a constitutional right." As noted in Rodriguez v. United States, 286 F.3d 972, 978 (7th Cir. 2002), "a certificate of appealability may issue [by a district or circuit judge] . . . only if the applicant has made a substantial showing of the denial of a constitutional right . . . [and the certificate] shall indicate which specific issue or issues satisfy that showing." (quoting 28 U.S.C. § 2253[c] and citing Williams v. Parke, 133 F.3d 971, 975 [7th Cir. 1997]).

In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Court held that under AEDPA, a substantial showing of a denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 [1983]). Furthermore, the Court held that when a habeas claim is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when a prisoner, at least, demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484 (emphasis added). The Court also held that "where a plain procedural bar is present and the district court is free to invoke it to dispose of the case, a

---

[2] A certificate of probable cause has been replaced by a certificate of appealability pursuant to the AEDPA. See Williams v. United States, 150 F.3d 639, 640 (7th Cir. 1998).

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. Thus, the Court held that in such a circumstance no appeal would be warranted. Id.

In this case, the court did not reach the merits of the habeas petition. Rather, it found that there is a procedural bar preventing this court's review because the petitioner had failed to fairly presented his federal claims to the Wisconsin state courts. Under the circumstances of this case, this court cannot conclude that "jurists of reason would find it debatable as to whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. A certificate of appealability will not issue when a plain procedural bar is present. Id. at 484. Therefore, pursuant to Rule 22, Federal Rules of Appellate Procedure, this court concludes that a certificate of appealability should not be issued.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a certificate of appealability be and hereby is **denied** on all grounds raised in his petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that respondent Pamela Wallace, warden at Stanley Correctional Institution be and hereby is **substituted** in place Daniel Benik.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge